IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIAN P. GUTIERREZ, III,      )<br>     ID # 2063107,                         )<br>          Petitioner,                       )<br>                                                  )<br>vs.                                             )<br>                                                  )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division,  )<br>          Respondent.                     ) | No. 3:22-CV-470-S-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 28, 2022 (doc. 3), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I.     BACKGROUND

Julian P. Gutierrez, III (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his April 20, 2016 conviction and sentence in Case No. F14-60200-X in the Criminal District Court No. 6 of Dallas County, Texas. (*See* doc. 3 at 2.)  The respondent is the Director of TDCJ-CID.

On December 4, 2014, Petitioner was indicted for aggravated robbery with a deadly weapon in Case No. F14-60200-X in the Criminal District Court No. 6 of Dallas County, Texas. *See State v. Gutierrez*, No. F14-60200-X, *Indictment* (Crim. Dist. Ct. No. 6, Dallas Cnty., Tex. Dec. 4, 2014).  He was convicted by a jury of the lesser-included offense of robbery, and he

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

pleaded true to an enhancement paragraph during the punishment phase of the trial. *See Gutierrez v. State*, No. 05-16-00755-CR, at 1 (Tex. App.—Dallas May 31, 2017, pet. ref'd). The trial court sentenced him to twenty years' imprisonment in the TDCJ-CID. *See id.* On appeal, the state appellate court modified "the judgment to show that the punishment was assessed by the trial court", and that Petitioner "pleaded true to one enhancement paragraph and the trial court found the enhancement paragraph true." *Id.* at 1-2. The state appellate court also modified "the section [of the judgment] entitled 'degree of offense' to show '2nd degree felony.'" *Id.* at 2. As modified, the judgment was affirmed. *See id.* On August 23, 2018, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR). *See Gutierrez v. State*, No. PD-0611-17 (Tex. Crim. App. Aug. 23, 2017).

Petitioner's first state habeas application, received by the Texas Court of Criminal Appeals on September 29, 2017, was dismissed on November 22, 2017, because his conviction was not yet final at the time of filing. *See Ex parte Gutierrez*, No. WR-87,466-01 (Tex. Crim. App. Nov. 22, 2017). On April 25, 2018, the Texas Court of Criminal Appeals denied his second state habeas application without written order on the findings of the trial court without a hearing. *See Ex parte Gutierrez*, No. WR-87,466-02 (Tex. Crim. App. Apr. 25, 2018).

On July 24, 2018, Petitioner filed a federal habeas petition under § 2254 challenging his conviction based on the same grounds of ineffective assistance of trial counsel and appellate counsel that he raised in his second state habeas application. *See Gutierrez v. Davis*, No. 3:18-CV-1895-G-BN, 2019 WL 2359865, at *1 (N.D. Tex. May 14, 2019), *rec. adopted*, 2019 WL 2357756 (N.D. Tex. June 4, 2019). The petition was denied with prejudice on June 4, 2019. (*See* No. 3:18-CV-1895-G-BN, doc. 22.) The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied a certificate of appealability on March 17, 2020, and denied Petitioner's motion

for reconsideration on November 25, 2020.  (*See id.* at docs. 29-30.)  The Supreme Court denied his petition for a writ of certiorari on March 22, 2021.  (*See id.* at doc. 31.)

Petitioner's third state habeas application, received by the Texas Court of Criminal Appeals on November 2, 2021, was dismissed without written order for non-compliance with Texas Rule of Appellate Procedure 73.1 on November 10, 2021.  *See Ex parte Gutierrez*, No. WR-87,466-03 (Tex. Crim. App. Nov. 10, 2021).  His motion for reconsideration was denied on December 17, 2021.  *See id.*

Petitioner now challenges his state conviction and sentence on three grounds:

(1) There Was "NO EVIDENCE" Adduced At Trial To Prove That Petitioner Robbed Guadalupe Cantonilla of His Truck While Parked at A 7-11 Convenience Store in Dallas, Texas On November 7, 2014;

(2) Petitioner JULIAN PESINA GUTIERREZ, III Is Actually innocent of the charge of Robbery alleged to have occurred On November 7, 2014 Under SCHLUP and HERRERA;

(3) Petitioner Was Deprived of A Fair Trial When Prosecutor, Daniel Abrahamson Knowingly and Intentionally Used Perjured Testimony In Obtaining A Conviction.

(doc. 3 at 6-7.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction and sentence that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 3 at 2, 6-7); *Gutierrez*, 2019 WL 2359865, at *3-9. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in

determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 28, 2022 (doc. 3), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 8th day of March, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE